# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| KATRINA COLEMAN, | : | Case No. 3:25-cv-00120 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| TAKE2 IT, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Katrina Coleman recently submitted a *pro se* Complaint alleging she "was wrongfully terminated after [her] experience while working as a Contractor for Take2 IT at the Dayton V.A. Medical Center." (Doc. No. 1-2 at PageID 8.) The case is currently before the undersigned Magistrate Judge to consider Plaintiff's Applications to proceed *in forma pauperis* and without prepaying the filing fees.[1] ("IFP Application," Doc. No. 1; "Amended IFP Application," Doc. No. 3.) For the reasons discussed below, the undersigned **RECOMMENDS** that the Court **DENY** Ms. Coleman's IFP Applications and **DIRECT** her to pay the filing fees within thirty days.

"To proceed *in forma pauperis*, plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly

---

[1] The total amount to file is $405, which consists of a civil filing fee of $350, plus a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited May 19, 2025).

destitute.'" *Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). A plaintiff must instead "show that he is unable to, 'because of his poverty, pay or give security for the [filing] costs and still be able to provide himself and dependents with the necessities of life.'" *Id.*

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. . . . *In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). Courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017).

Here, Ms. Coleman is not an indigent prisoner, nor does she reportedly subsist on social security, unemployment compensation, public assistance, or the like. (Doc. Nos. 1, 3.) Rather, she is gainfully employed making approximately $3,630 per month, or $43,560 per year. (Doc. No. 1 at PageID 2; Doc. No. 3 at Page 26.) She owns a home and a car. (Doc. No. 1 at PageID 2; Doc. No. 3 at PageID 27.) Ms. Coleman states that she has between $40-$60 in cash on hand. (*Id.*)

Ms. Coleman lists several monthly expenses, including a first and second mortgage (together, totaling approximately $300), a car loan ($487), utility payments (approximately $445); and other loans and credit accounts. (*Id.*) The monthly amounts due for those loans and credit accounts are not clearly set forth in either the IFP Application or Amended IFP Application, and thus cannot be calculated.[2] (*Id.*; *see also* Order for Amended IFP Application, Doc. No. 2.)

Subtracting Ms. Coleman's identified monthly expenses from her monthly income reveals that she would not be forced to forego life's basic necessities if the Court required her to pay the $405 filing fees to proceed in this case. Accordingly, because Ms. Coleman has not shown that because of her poverty, she cannot afford to the pay the filing fees in this case, the undersigned **RECOMMENDS** that the Court **DENY** her IFP Applications. (Doc. Nos. 1, 3.)

The undersigned further **RECOMMENDS** that, if the Court agrees with this determination, the Court **ORDER** Ms. Coleman to pay the full filing fees of $405 within thirty days of the Court's Order if she wishes to proceed with this case. In this situation, the Court should also **ADVISE** Ms. Coleman that a failure to pay the filing fees within thirty days will result in the dismissal of her case.

---

[2] The IFP Application appears to indicate that Ms. Coleman owes *in total* approximately $7,270. (Doc. No. 1 at PageID 3). The Amended IFP Application reflects that she owes *in total* approximately $1,385. (Doc. No. 3 at PageID 27.) She has not provided, and the Court cannot determine, what the monthly payments are for these expenses. (*Cf.* Doc. No. 2.)

Ms. Coleman may object to the Magistrate Judge's recommendations as described in the Notice below. She is reminded to keep the Court informed about her current mailing address at all times while the case is pending.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## Notice of Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within fourteen (14) days** after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **seventeen (17) days** if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. Failure to make objections in accordance pwith this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).